Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4914 | **DATE** | 8/16/2010 |
| **CASE TITLE** | DARMEKA DANIEL, et al. v. CITY OF CHICAGO, et al. | | |

## DOCKET ENTRY TEXT

Defendants' motion for summary judgment [62] is denied. The parties shall present their joint final pretrial order and agreed pattern jury instructions on August 31, 2010 at 9:00 a.m.; plaintiffs' draft shall be given to defendant by August 24, 2010. The case is placed on the September trial calendar. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■ [ For further details see text below.]                    Notices mailed by Judicial staff.

## STATEMENT

Darmeka Daniel and her father Derrick sue the City of Chicago and police officers Paul Burg, Michael Muldoon, Michael Walsh, Terence Brady and Kevin Butler (collectively, "defendants") under 42 U.S.C. § 1983 and state law claims. Defendants move for summary judgment on all counts.

Summary judgment is proper if "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Defendants bear the initial burden of demonstrating they are entitled to summary judgment. *Kramer v. Vill. of Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Once this burden is met, plaintiffs must go beyond the pleadings and set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

The following facts are undisputed unless otherwise noted. Darmeka and her two minor brothers are African-American. Def. Ex. A: Am. Compl. at 1-2: Def. Ex. B: Arrest Report. Defendant officers are Caucasian or Hispanic men. Pl. Ex. 2: Dep. Tr. at 45, 68-69 & 80-81; Pl. Ex. 3: Dep. Tr. at 51-52 & 56. Between 6:30-7:30 p.m. on March 22, 2009, Muldoon and Burg were investigating drug, gang and trespassing complaints near 3104 W. 64th Street, when both brothers left a nearby youth center. Def. Facts ¶¶ 12-16. There are significant factual disputes concerning the subsequent sequence of events. The brothers allege they were walking to a store to meet Darmeka, when Muldoon and Burg ran up to them, grabbed them, brought them to their car and searched their pockets, leaving the boys immobile. Pl. Facts ¶¶ 1-5. Burg and Muldoon claims the boys were loitering, walked away from the officers when approached and then voluntarily participated in a field interview. Def. Facts ¶¶ 18-19, 23 & 27. The parties dispute what occurred after Darmeka arrived. Plaintiffs allege Darmeka was cursed and spat at and, along with her brothers, shoved

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

to the ground and attacked, resulting in hospital treatment for one brother. Pl. Facts ¶¶ 12-15: Pl. Ex. 3: Dep. Tr. at 61-62. Defendants assert upon arriving, Walsh, Brady and Butler witnessed Darmeka and her brothers attacking Burg and Muldoon, and all officers used force in defense to the resistance. Def. Facts ¶¶ 33-61. Both brothers were arrested and charged with aggravated battery to a police officer and resisting/obstructing a police officer. *Id.* ¶¶ 54-55. Darmeka was charged with battery to a police officer and resisting/obstructing a police officer. *Id.* ¶ 53. Burg and Muldoon filled out the officer battery reports. *Id.* ¶ 56. All charges were dismissed. Pl. Resp. at 1.

Burg and Muldoon argue they conducted a lawful search under *Terry v. Ohio*, 392 U.S. 1, 24, 88 (1968) (officer's brief, non-invasive detention is permitted if officer has specific and articulable facts sufficient to give rise to a reasonable suspicion a crime has been or is being committed). They claim they did not unreasonably seize the boys in violation of the Fourth Amendment. A seizure exists when an officer, by physical force or authority, restrains freedom of movement. *Brendlin v. Cal.*, 551 U.S. 249, 254 (2007). Summary judgment is not warranted on Count I. There is a significant factual dispute concerning the sequence of events and whether there was a reasonable basis to make a *Terry* stop.

Burg and Muldoon assert they had probable cause to arrest all parties after witnessing Darmeka and her brothers strike them. Plaintiffs claim defendant officers were not hit, and false charges were made to conceal defendants' lack of probable cause. The existence of probable cause for a warantless arrest is an absolute bar to a § 1983 claim for unlawful arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they believe the offender has committed an offense in their presence. *Atwater v. City of Lago Vista*, 532 U.S. 318, 322 (2001). The material factual dispute in Count II forecloses summary judgment.

The parties present conflicting stories as to the amount of force used. Force is unconstitutional if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than reasonably necessary. *Gonzalas v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009). Defendants' argument that plaintiffs make unsupported statements fails, as plaintiffs present deposition testimony of their version of events, supporting allegations against all officers. Plaintiffs testified Darmeka and her brothers were forcibly thrown to the ground; one brother received a foot to his neck; one brother was punched and kicked repeatedly; Darmeka was stepped and kneeled on; and no one hit any officer. Pl. Facts ¶¶ 12-19. Defendants contend they used reasonable force in response to batteries. Summary judgment in excessive force cases is often inappropriate, precisely because the incongruous stories cannot be reconciled. *Catlin v. City of Wheaton*, 574 F.3d 361, 367 (7th Cir. 2009). Because the factual dispute precludes summary judgment on excessive force (Count III), defendants' summary judgment motion as to a failure to intervene (Count IV) is denied. Defendants have not identified considerations warranting a departure from *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 478 (7th Cir. 1999), instructing intervention inquiries be left to juries.

Burg and Muldoon claim plaintiffs' malicious prosecution claim must fail, since both officers had probable cause for filing charges and did not commence or continue the prosecution. *Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998). As set forth above, triable issues exist whether probable cause existed. Burg and Muldoon argue they did not commence or continue criminal prosecution, the prosecutor did. Plaintiffs need only allege defendants "played a significant role in causing the prosecution," *Frye v. O'Neill*, 166 Ill.App.3d 963, 975 (4th Dist. 1988). This role may include making knowing misstatements to secure a prosecution. *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). Viewing the disputed facts in plaintiffs' favor, Burg and Muldoon witnessed officers sign the criminal complaints, but there is a significant factual dispute whether both officers falsely charged Darmeka and her brothers with batteries to conceal an absence of probable cause. Summary judgment is inappropriate on Count V.

Summary judgment is unwarranted for all claims relating to the officers' conduct, as well as the dependent indemnification and *respondeat superior* claims against the city. *Delgadillo v. Paulnitsky*, 2007 WL 1655252, at *8 (N.D. Ill. June 1, 2007) (Keys, M.J.).

*Suzanne B. Conlon*