UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARMEKA DANIEL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 4914 |
| | ) | |
| vs. | ) | Judge Conlon |
| | ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTIONS *IN LIMINE***

Plaintiffs, through counsel, Jackowiak Law Offices, respectfully submit the following motions *in limine*.

1.  **Motion to Bar Evidence of Other Arrests that Did Not Lead to Convictions**

Plaintiffs respectfully move this Honorable Court *in limine* to bar the parties from introducing evidence or testimony regarding prior arrests of the minors D.D. and D.D. Jr.

Other than the incident in this case, both D.D. and D.D. Jr. have had several juvenile arrests. Specifically, D.D. has been arrested for trespassing, reckless conduct, criminal damage to property, and simple assault. None of those arrests led to a conviction. D.D. Jr. has been arrested for trespassing, reckless conduct, and simple assault. None of those arrests led to a conviction.

The Defendants should be barred from mentioning these arrests at trial. Prior arrests are not relevant to any issue to be decided at trial, and would be unfairly prejudicial. They are therefore inadmissible under FRE 403. The only reason Defendants would even seek to introduce such evidence would be to insinuate bad character, which is prohibited under FRE 404(b).

Finally, Plaintiffs have no felony criminal convictions or convictions for crimes of dishonesty which would be admissible under FRE 609(b).

2.  **Motion to Bar Defendants from Characterizing Place of Incident as a "High Crime" or "Gang" Area**

Plaintiff respectfully moves this Honorable Court *in limine* to bar Defendants from eliciting any evidence regarding past incidents of alleged gang activity or police calls in the neighborhood where Plaintiffs were arrested. Such evidence has minimal probative value and would be unfairly prejudicial.

In their depositions, the Defendant-Officers testified that the neighborhood where the events underlying this lawsuit took place is dangerous and known for gang activity. It is expected that Defendants will attempt to elicit similar testimony at trial. They should be barred from doing so. None of the Defendant-Officers testified that any of the problems in this neighborhood had anything to do with Plaintiffs. The only purpose for such testimony would be to inflame, frighten and prejudice the jury and to distract from the real issue in this case— what happened during the arrest of Plaintiffs. Neither purpose is proper.

In addition, Defendants should be barred from introducing their Exhibits 10 and 11. Exhibit 10 is a Service Call Record which lists unrelated requests for police assistance in the area over a three-year period. Exhibit 11 is a "Hot Spot Report" that states that the area near 64th and Whipple is one of several "hot spots" in the 8th District. There has been no evidence or testimony in this matter that Plaintiffs live in this neighborhood or are associated with any of the service calls on Defendants' Exhibit 10. Even if the Court permits the Defendants to introduce their perception that 64th and Whipple is a high-crime area, the Defendants should not be permitted to introduce these exhibits. Exhibit 10 in particular would be unfairly prejudicial. It lists hundreds of calls to that area from 2008 to the present for everything from illegal fireworks, to domestic disturbances, to shots fired. Allowing Defendants to introduce a laundry list of every single call for police service to that area over a three year period would serve no purpose other than to improperly scare and inflame jurors.

Finally, Defendants should be barred from calling Raffel Vargas to testify at trial. Vargas previously lived in the neighborhood where this incident took place. Mr. Vargas did not witness the incidents at issue in this case. Rather, Defendants have indicated that they intend to call him to testify about his perception of the crime problem in the area and unrelated incidents in which

he called the police regarding gang and narcotic activity. Such testimony lacks any relevance to anything the jury in this case will decide and would only serve to inflame the jury. It should be barred.

3.      **Motion to Permit Plaintiff to Call Non-Party City Employees as Adverse Witnesses**

Plaintiff respectfully moves this Court *in limine* to issue an order permitting Plaintiff to call non-party Chicago police officers as adverse witnesses.

Calling a person as an adverse witness and the use of leading questions upon direct examination is governed by FRE 611(c). In relevant part, Rule 611(c) provides that leading questions can be used: "When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party."

In this case, in addition to police officers Burg, Muldoon, Walsh, Brady and Butler, the City of Chicago is a party. There can be no question that all City of Chicago employees, including police officers, are identified with the Defendants. Under Rule 611(c), since they are identified with an adverse party, Plaintiff should be permitted to call them as an adverse witness.

There is no better example of a witness identified with an adverse party then a police officer called as a witness in a § 1983 trial. Indeed, this exact issue was addressed by the Seventh Circuit in Ellis v. City of Chicago, 667 F.2d 606 (7th Cir. 1981). In Ellis, a § 1983 case against a Chicago police officer and the City of Chicago, the Seventh Circuit squarely ruled that a police officer who was employed by the City of Chicago and involved in the incident at issue "clearly qualified" as a witness identified with an adverse party pursuant to FRE 611(c):

> Plaintiffs argue that the trial judge committed reversible error by refusing to recognize Officer Calandra and Sergeant Holub as witnesses identified with an adverse party for purposes of this Rule.... These police officers were employees of defendant City of Chicago at all times during the litigation and were each present during portions of the incident which gave rise to this lawsuit.... Officer Calandra and Sergeant Holub thus *clearly qualified* as "witness(es) identified with an adverse party" for purposes of Rule 611(c).

Id. at 612-13 (emphasis added). See also, e.g., Haney v. Mizell Mem. Hosp., 744 F.2d 1467, 1477-78 (11th Cir. 1984) (finding that plaintiff in a medical malpractice case should have been allowed to call nurse as an adverse witness under FRE 611(c) since she was employed by the

3

defendant hospital and therefore identified with an adverse party); United States v. Hicks, 748 F.2d 854, 859 (4th Cir. 1984) (finding that a bank-robbery defendant's girlfriend could be asked leading questions by the government on direct examination since she was identified with an adverse party); Perkins v. Volkswagen of America, 596 F.2d 681, 682 (5th Cir. 1979) (error for trial court not to allow plaintiff to call defendant's employee as an adverse witness; person was employed by the defendant and therefore identified with an adverse party).

4.     **Motion to Bar Use of Complaint as Evidence**

In depositions in this case, counsel for Defendants attempted to use Plaintiffs' complaint to impeach Plaintiffs. It is expected they may try to do so at trial.

The Complaint in this case is an unsworn statement prepared by counsel. It is not verified and therefore cannot be used as impeachment. Similarly, other unverified filings should not be allowed to be used for impeachment or evidence.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant the above motions *in limine*.

/s/ Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
312-795-9595
*Counsel for Plaintiffs*