**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DARMEKA DANIEL, | ) | |
| DERRICK DANIEL, as father | ) | |
| And next best friend of | ) | |
| D.D. and D.D Jr., minors | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 4914 |
| | ) | |
| v. | ) | Judge Conlon |
| | ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| PAUL BURG, Star 8204, | ) | Jury Demand |
| MICHAEL MULDOON, Star 17658, and | ) | |
| Michael Walsh, Star 20028, | ) | |
| Terence Brady, Star, 6442 | ) | |
| Kevin Butler, Star 19525 | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTIONS IN LIMINE

Defendants, CITY OF CHICAGO, Chicago Police Officers, PAUL BURG, MICHAEL MULDOON, KEVIN BUTLER, TERENCE BRADY, AND MICHAEL WALSH ("Defendants") by and through their attorneys, Eileen M. Letts, Allen P. Walker, Lucille A. Blackburn and Carl K. Turpin of the law firm of GREENE AND LETTS, and pursuant to the Federal Rules of Evidence, respectfully move this Court to enter orders precluding Plaintiffs their attorneys, and witnesses from adducing at trial testimony or evidence relating to or making any references to the information listed below.

Federal district courts have the authority to make rulings on motions *in limine* pursuant to their power to manage trials. *Middleby Corp. v. Hussman Corp.,* 1993 WL 151290 at *1 (N.D. Ill May 7 1993). Courts have the power to exclude evidence *in limine* only when the evidence is inadmissible on all potential grounds. *Hawthorne*

1

*Partners v .AT&T Tech. Inc.,* 831 F.Supp 1398, 1400 (N.D.Ill 1993). Unless the evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved. *Id.* Denial of a motion *in limine* does not mean that the evidence will be admitted at trial. *Id.* at 1401. A court's denial means that the court, without hearing the evidence in its proper context, is unable to determine whether the evidence in question should be excluded. *Id.* As such, if a motion *in limine* is denied, the court may consider objections on the evidence as they arise at trial. *Id*

### DEFENDANTS' MOTION IN LIMINE NO. 1

**MOTION TO BAR PLAINTIFFS FROM ELICITING ANY TESTIMONY REGARDING THE ARREST HISTORY OF DEFENDANTS**

Defendants move to bar all evidence of the arrest history of Defendants. Defendants believe that plaintiffs may attempt to introduce testimony and evidence relating to the arrest history of Defendant Officers, Burg and Walsh. Officers Burg and Walsh testified that they were arrested over 20 years ago. These arrests did not led to a conviction. Defendants moves to bar this evidence because it constitutes improper character evidence or propensity evidence under Fed.R.Evid. 404. Moreover, such evidence is irrelevant and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and would mislead the jury. Fed.R.Evid. 401,402 and 403.

## **DEFENDANTS' MOTION IN LIMINIE NO. 2**

### **MOTION TO BAR ANY TESTIMONY REGARDING ALLEGED MISCONDUCT BY OTHER POLICE OFFICERS WHO ARE NOT DEFENDANTS IN THIS LAWSUIT**

Plaintiffs have alleged wrongdoing against several officers whom are not defendants in this case. Any alleged wrongdoing on the part of non-defendant officers has no bearing on any alleged misconduct by the Defendant Officers Burg, Muldoon, Brady, Butler and Walsh. Defendants object to the admission of this evidence because it is irrelevant, prejudicial and would lead to jury confusion. Fed.R.Evid. 401, 402, & 403.

The named Defendants are the only individual defendants in this matter. Defendants cannot be held liable for the actions of another person. Martin v. Tyson, 845 F.2d 1451, 1455 (7th Cir. 1988); cert. denied 109 S.Ct. 162 (1988); Eades v. Thompson, 823 F.2d 1055, 1063 (7th Cir. 1987); Walker v. Rowe, 791 F.2d 507, 508 (7th Cir. (cert. denied, 479 U.S.984) (1986). O'Neil v. Krzeminski, 839 F.2d 9, 11 (2nd Cir. 1988); 745 ILCS 10/2-204. To allow any testimony or argument with regard to an alleged misconduct caused by another City of Chicago Police Officer or other City of Chicago employee would be to invite the jury to find against Defendants if they wanted to compensate Plaintiffs for any such alleged injury and/or to punish Defendants for the alleged actions of another individual. Accordingly, any testimony regarding alleged misconduct committed by non-defendant Officers must be barred.

Furthermore, this information would add no probative value to the question of whether the Defendant Officers committed misconduct. This information is outweighed by its highly prejudicial nature for several reasons, but most importantly that any allegations of misconduct by any non-party police officer witnesses against a non-party

witness has no connection to the Defendant Officers and is irrelevant to the issues in this case. Fed.R.Evid. 401, 402, & 403. The Defendant Officers should not be forced to defend the actions of other police officers who are not a party to this lawsuit. This would unduly prejudice the Defendant Officers because they would have to rebut evidence, which would certainly result in a "mini-trial" within a trial and would confuse the jury.

### DEFENDANTS' MOTION IN LIMINIE NO. 3

### MOTION TO BAR EVIDENCE, INFERENCE, OR ARGUMENT OF PUBLICIZED POLICE MISCONDUCT

Defendants move to bar reference to incidents and allegations of police misconduct which have been publicized in the media and on the internet. Defendants believe that Plaintiffs may attempt to mention, discuss or refer to other events regarding police misconduct, involving Chicago Police Officers. These recent local events have placed the issue of allegations of police misconduct before the public by way of extensive media coverage, such that law enforcement personnel are often depicted in an unfavorable, and even hostile, manner. In this current climate, references to alleged police misconduct during the trial can only serve to inflame the jury against the police in general and against the Defendant police officers in this particular case. Comments and implied references to this effect have absolutely no probative value and are totally irrelevant to the issues presented. Accordingly, Plaintiffs should be precluded from making any reference to any alleged police misconduct, including recent highly publicized instances of such misconduct, here in Chicago or in other jurisdictions. As such evidence would be irrelevant, immaterial, highly prejudicial and has no probative value pursuant to Fed.R.Evid. 401, 402, 403.

## DEFENDANTS' MOTION IN LIMINE NO. 4

### MOTION TO BAR EVIDENCE, INFERENCE, OR ARGUMENT OF PRIOR AND SUBSEQUNT LAWSUITS AND COMPLAINTS

Defendants move to bar all evidence of other lawsuits against these Defendant Officers and the City of Chicago. Defendants also seek to bar any evidence of civilian complaints being made against these Defendant Officers. Defendants believe that Plaintiffs may attempt to introduce testimony and evidence relating to prior instances of alleged misconduct by the Defendant Officers, or other Chicago Police Officers. These complaints usually take the form of a Complaint Register, or "C.R". This evidence would most likely be, but not necessarily limited to, prior lawsuits and citizens' complaints against the defendant officers or other Chicago police officers.

Defendants moves to bar this evidence because it constitutes improper character evidence or propensity evidence under Fed.R.Evid. 404. Moreover, such evidence is irrelevant, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and would mislead the jury. Fed.R.Evid. 401,402 and 403. No policy-based claim has been made in this matter, and any such evidence and/or testimony of prior complaints or lawsuits are irrelevant, immaterial, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, and will be confusing or misleading the jury. Fed. R. Evid. 403; *Heflin v. City of Chicago*, No. 95 C 1990, 1996 WL 28238 (N.D.Ill. 1996)(Conlon).

Any allegations or information that officers may have acted wrongfully in the past is nothing more than so-called "bad acts" evidence or "propensity" evidence, which clearly is inadmissible. *People v. Childress*, 338 Ill.App.3d 540, 551, 789 N.E.2d 330,

5

338 (1st Dist.32003)("[Federal] Rule [of Evidence] 404(b) was substantially similar to Illinois common law regarding admissibility of other crimes."). Propensity evidence, however, is inadmissible under Fed.R.Evid. 404(b) to prove that a party acted on the occasion in question consistent with his alleged bad character. See *Huddleston v. U.S.*, 485 U.S. 681, 685 (1988); *U.S. v. Shriver*, 842 F.2d 968, 974 (7th Cir. 1988). In this case, Plaintiffs' only purpose in introducing or suggesting such evidence would be to attempt to taint the jury into believing that accusations of alleged misconduct had been brought against the officers in the past, and therefore it is likely that the officer acted in a similar manner under the circumstances presented here.

Although Rule 404(b) permits the admission of evidence of other acts, if such evidence is directed toward establishing a matter in issue other than a defendant's propensity to commit the act charged, the plaintiff will not be able to satisfy his burden under Rule 404(b) of explicitly articulating which exception to the general rule it applies. *U.S. v. Zapata*, 871 F.2d 616, 620-21 (7th Cir. 1989). Moreover, even if there were some probative value in admitting this evidence, that probative value would be overwhelmingly outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; see also, *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir.1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant); *Lataille v. Ponte*, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary record).

For the same reasons, evidence of prior lawsuits, C.R.s or other complaints against all police officer witnesses should be barred. If evidence of other complaints is allowed to go to the jury, the Defendant will be forced to present evidence to the effect

6

that the alleged other incidents did not occur, thus giving rise to a series of collateral mini-trials within this trial. *Jones v. Hamelman,* 869 F.2d 1023, 1027 (7th Cir. 1989); *Vukadinovich v. Zentz*, 995 F.2d 750, 755-56 (7th Cir. 1993) (complaints against officers arising from dissimilar events properly excluded); *Hopson v. Frederickson*, 961 F.2d 1374, 1379 (8th Cir. 1992) (trial court properly excluded evidence of prior allegation of abuse made against the defendants). The complaints lack any indicia of reliability necessary to make them admissible or relevant. Should the Court permit testimony regarding prior CRs the defendants should be permitted to bring out evidence regarding all of the plaintiff's prior arrests. For these reasons defendants' motion should be granted.

In the event that the Court denies this motion as premature, Defendants requests an order requiring Plaintiff to make a written proffer prior to introducing evidence of alleged prior bad acts by the individual Defendant. *Saunders v. City of Chicago*, 320 F.Supp.2d 735, 740 (N.D.Ill. 2004); *Charles v. Cotter*, 867 F.Supp. 648, 656 (N.D.Ill.1994)(Castillo). Such a proffer will allow the Court to look for the distinctive similarities between the instant case and the alleged prior bad acts, as is necessary to find that the conduct is sufficiently similar to constitute a "modus operandi."

### DEFENDANTS' MOTION IN LIMINE NO. 5

**MOTION TO BAR PLAINTIFFS FROM ASKING THE JURY TO PUNISH THE CITY BECAUSE PLAITNIFFS CANNOT RECOVER PUNITIVE DAMAGES FROM THE CITY OF CHICAGO**

Defendants move for an order *in limine* barring any argument or inference that the jury should send a message to the City of Chicago with its verdict, or that the jury

7

should punish the City of Chicago with its verdict. As a matter of law, the Plaintiffs cannot recover punitive damages from the City of Chicago as a result of this occurrence. See 745 ILCS 10/2-102. Sending a message, or punishment, cannot form the basis for any damages other than punitive damages. Accordingly, Plaintiffs should not be permitted to imply to the jury that punishment can serve as a legitimate basis for an award against the City of Chicago.

### DEFENDANTS' MOTION IN LIMINE NO. 6

### MOTION TO BAR TESTIMONY THAT DARMIKA DANIEL RECORDED THE INCIDENT

During discovery, Darmika Daniel alleged that she recorded the incident on her cellular phone. Defendants move to bar testimony regarding the cellular phone on the basis that Plaintiffs never produced evidence of a video recording. Furthermore based on the testimony of Darmika, if there was a recording, it would have only shown, a police officer walking away from where she was located and the other standing beside one of her brothers. Allowing testimony that she recorded the incident is too speculative additionally, the recording would not be relevant.

Pursuant to Federal Rules of Evidence 401, "[r]elevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Federal Rules of Evidence 401.* If evidence is not relevant, it is not admissible. *Federal Rules of Evidence 402.* Darmika stated in her deposition that she was trying to record the conversation she was having with one of the police officers

and the alleged search of Derrick and Delorean. (Exhibit A Deposition of Darmika Daniel pg 30 Line 14-20). Darmika then testified that she was not sure if one of the police officers was still conducting a search while she was speaking to the other officer. (Exhibit A Deposition of Darmika Daniel pg 31 Line 1-10). The fact that Darmika allegedly recorded the incident is too speculative. Additionally, if there was a recording, it would have only shown the conversation she was having. Thus any evidence of that Darmika Daniel video recorded the incident does not have a tendency to make his excessive force claim more or less probable than it would without the evidence. Moreover, pursuant to Federal Rules of Evidence 403, if such evidence is deemed relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay and a waste of time. *Kline v City of Kansas*, 175 F3d 660(8th Cir. 1999).

**DEFENDANTS' MOTION IN LIMINE NO. 7**

**MOTION TO BAR EVIDENCE, INFERENCE, OR ARGUMENT REGARDING THE VIOLATION OF GENERAL ORDERS**

Defendants move to bar any testimony regarding the violation of any general orders presenting any evidence regarding the violation of internal police department directives regulations, or general orders by the officers involved or suggesting that Defendant Officers may have breached or violated any such directives, regulations, or orders.

Although Plaintiffs may allege that the actions of police officers were inconsistent with the general orders of the Chicago Police Department, it is settled that the violation of a standard, rule, or regulation, in and of itself, has no bearing on whether a person

has been deprived of a Constitutional right. The Defendants' liability will derive, if at all, from constitutional violations. Internal rules and procedures do not impose a legal duty upon municipal entities and their employees. To wit, the Seventh Circuit has stated, "[T]he violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Thompson v. City of Chicago*, 472 F.3d 444,454 (7th Cir. 2006) (upholding trial court's ruling on motion *in limine* to bar evidence regarding non-compliance with police department's general orders). *See also Delgado v.Mak,* No.06 C 3757, 2008 WL 4367458 (N.D. Ill2008)(Dow). Therefore, evidence regarding alleged violations of general orders will only confuse the jury.

Evidence regarding General Orders will only conflate the constitutional standards with general negligence standards by implying that the defendants should be liable simply because they violated a general order. *Heflin v. City of Chicago*, No. 95 C 1990,1996 WL 28238, at *4 (N.D.Ill. 1996); *Walker v. City of Chicago*, No. 91 C 3669, 1992 WL 317188, at *4 (N.D.Ill. 1992). *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. §1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Furthermore, "a problem with allowing CPD's General Orders into evidence is that those orders do not create a duty to the public at large." *Thompson* at *10. Accordingly, testimony and evidence regarding the violation of internal rules and general orders should be barred.

## DEFENDANTS' MOTION IN LIMINE NO. 8

## UNOPPOSED MOTION TO BAR WITNESSES FROM BEING PRESENT DURING TRIAL

Defendants move to bar any witnesses from being present in the courtroom during the trial other than for their own testimony. Theses witnesses should be excluded from the courtroom until they have testified pursuant to Federal Rule of Evidence 615. Federal Rule of Evidence 615 permits the court on its own motion or that of a party to exclude witnesses from the courtroom so that they can not hear the testimony of other witnesses. This rule does not apply to parties. The granting of the instant motion will prevent the shaping of testimony and discourage fabrication, inaccuracy and collusion. *In Re Scarlata*, 127 B.R. 1004 (N.D.Ill. 1991) see generally, *U.S. v Hargrove*, 929 F.2d 316 (7th Cir 1991).

## DEFENDANTS' MOTION IN LIMINE NO. 9

## MOTION TO BAR UNDISCLOSED OR IMPROPERLY DISCLOSED OPINIONS

Defendants move to bar evidence of undisclosed opinions that have not been submitted pursuant to Fed. R. Civ. P. 26(a)(2). Pursuant to Fed.R.Civ.P. 26(a)(2)(A) a party must disclose the identity of any witnesses it may use at trial to present evidence. In addition this disclosure must be accompanied by a written report prepared and signed by the witnesses. Fed.R.Civ.P.26(a)(2)(B). The rule requires the disclosures to be made at the times and in the sequence that the court orders. Fed.R.Civ.P.26(a)(2)(C). A party has a duty to supplement information included in the report and information provided during the expert's deposition. Fed.R.Civ.P. 26(e)(2). Any additions or changes to this

information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due. Fed.R.Civ.P. 26(e)(2).

Failure to comply with Rule 26 procedures precludes a party from using at trial expert testimony that was not timely or fully disclosed. *Liquid Dynamics Corp. v. Vaughan Co. Inc.*, 204 WL 2260626 *2 (N.D.Ill.2004) (Colon ,J). The sanction of exclusion is mandatory and automatic unless a party shows its Rule 26 violation was justified or harmless. *Id.*

Discovery closed on April 30, 2010, and the final pretrial order was entered on August 30, 2010. Therefore, Plaintiffs should be barred from eliciting any opinions, testimony or analysis from any witnesses other than the opinions or analysis previously disclosed in discovery. *Liquid Dynamics Corp. v. Vaughan Co. Inc.*, 204 WL 2260626 *2 (N.D.Ill.2004) (Colon ,J).

### DEFENDANTS' MOTION IN LIMINE NO. 10

### DEFENDANT'S MOTIONS IN *LIMINE* TO BAR LAY OPINION EVIDENCE CONCERNING PLAINTIFF'S MEDICAL OR MENTAL CONDITION

It is anticipated that Plaintiffs may attempt to elicit testimony from the parties and witnesses with no background or training in medicine and/or psychology regarding their call a witnesses to testify as to their injuries; specifically, any claimed effect the incident had on Plaintiffs claimed emotional damages, pain and suffering; severe mental anguish; indignities and embarrassment. Plaintiffs should be precluded from questioning any witness or party without professional medical or mental health training about these injuries at trial. Such testimony is medical opinion from lay witnesses without proper medical foundation; in violation of FRE 701.

      Plaintiff's treating physicians are the only disclosed medical professionals who can testify regarding Plaintiffs claimed injuries. Plaintiffs has not disclosed any mental health professionals who can testify regarding any claimed psychological damages. Thus, no other parties or witnesses should be allowed to give lay testimony evaluating the condition and/or treatment of Plaintiffs alleged physical and emotional injuries. Such testimony is irrelevant, lacks foundation, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues, is an improper potential impeachment technique and would not assist the trier of fact in any way. See Fed. R. Evid. 401, 402, 403.

      **WHEREFORE,** CITY OF CHICAGO, Chicago Police Officers, PAUL BURG, MICHAEL MULDOON, KEVIN BUTLER, TERENCE BRADY, AND MICHAEL WALSH, move this Court in *limine* for entry of an order barring any testimony or evidence as to the matters delineated above.

      Respectfully submitted,

      DEFENDANTS

      by: /s/ *Lucille A. Blackburn*
      Lucille A. Blackburn

Eileen M. Letts
Allen P. Walker
Lucille A. Blackburn
Carl K. Turpin
Attorneys for Defendants
111 W. Washington Suite 1650
Chicago, Illinois 60602
312-346-1100