UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARMEKA DANIEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 4914 |
| | ) | |
| vs. | ) | Judge St. Eve |
| | ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' ADDITIONAL AUTHORITY REGARDING
"FAVORABLE TERMINATION" ELEMENT OF MALICIOUS PROSECUTION**

Defendants contend that the jury should be instructed that Plaintiffs cannot succeed on their malicious prosecution claim unless they prove that the proceedings against them were "terminated in his favor in a manner indicative of innocence." The evidence at trial was that the state dismissed the charges when the Defendant-Officers did not show up for court. Defendants argue that because the case was stricken without a hearing on the merits, Plaintiff cannot establish favorable termination and they are entitled to a directed verdict.

This exact argument has been repeatedly rejected by the courts. It has been established since the mid-1990s that a dismissal satisfies the "favorable termination" element. For example, in Davis v. Thillman, 1994 WL 14620 (N.D.Ill. January 19, 1994) (Conlon, J.), the court held that:

> The favorable termination requirement does not require that there was a trial and acquittal; rather, any termination indicative of the innocence of the accused suffices to establish favorable termination for the purposes of a malicious prosecution action. ... The courts have interpreted the indicative of innocence standard broadly to include *any termination that does not suggest the plaintiff's guilt*. ... Thus, plaintiffs can maintain a malicious prosecution suit if the dismissal of the criminal case did not in any way suggest that they were guilty of the offenses charged.

Id. at *6 (citations omitted).

In recent years, courts have repeatedly taken this approach to the favorable termination element in malicious prosecution claims. See, e.g., Brown v. Star, 494 F.Supp.2d 914 (N.D.Ill.

2007) (court denies motion to dismiss stating that Plaintiff stated a cause of action for malicious prosecution against police officers who charged him with battery charges which were dismissed); Carlson v. Bell, 2005 WL 3116051 (N.D.Ill. November 22, 2005) (St. Eve, J.) (court denies police officers' motion for summary judgment in case alleging malicious prosecution based on a dismissed battery charge); Morrow v. May, 2010 WL 4008173, *4 (N.D.Ill., October 13, 2010) (Kocoras, J.) ("As a general matter, termination of a criminal case via a *nolle prosequi* motion may be characterized as suggesting the innocence of the plaintiff in a malicious prosecution action"); McDorman v. Smith, 437 F.Supp.2d 768, 779-80 (N.D.Ill. 2006); Cusack v. City of Des Plaines, 2007 WL 2484325 (N.D.Ill. August 29, 2007) (St. Eve, J.).

Logic supports this approach. There are two reasons why the law is not as Defendants contend. First, a requirement that the termination be "indicative of innocence" would create an insurmountable obstacle to any malicious prosecution claim. In a criminal case, there cannot be any termination that is truly "indicative of innocence" as Defendants conceive that requirement —even a jury verdict of not guilty does not indicate innocence. Rather a not guilty merely shows that the state did not meet its high burden of proof beyond a reasonable doubt.

Second, a rule that a dismissal due to the failure of the complaining witnesses to show up in court cannot establish "favorable termination" would permit anyone to bring false and malicious charges and then escape liability by simply not showing up to the court date.

Defendants' position is contrary to law. What the well settled law requires is that the charges must be terminated in a manner that is *not inconsistent with Plaintiff's innocence.* A *nolle prosequi* following suppression of drugs found during an illegal search, for instance, could be considered inconsistent with innocence. Horan v. City of Chicago, 2010 WL 2836729, *8 (N.D.Ill., July 16, 2010). But that is not what occurred here. In the present case, the criminal prosecution was dismissed because the Defendants did not show up in court. This court has squarely held that such a termination at least raises a genuine issue of material fact for the jury. Zitzka v. Village of Westmont, --- F.Supp.2d ---, 2010 WL 3863237, (N.D.Ill., September 28, 2010) (Schenkier, J.) ("whether the *nolle prosequi* based on the absence of the witnesses for the prosecution ... at a minimum, [presents] a genuine issue of material fact").

Accordingly, Plaintiffs respectfully request that the court deny Defendants' motion for a directed verdict on Plaintiffs' malicious prosecution claims and instruct the jury that the elements of malicious prosecution are as follows:

1. The Defendant you are considering commenced or continued a criminal proceeding against that Plaintiff;
2. There was an absence of probable cause to commence or continue the proceeding;
3. The Defendant you are considering acted with malice;
4. The criminal proceeding terminated in that Plaintiff's favor;
5. The Plaintiff suffered damages as a direct result of the criminal proceeding.

    Respectfully submitted,

    /s/ Adele D. Nicholas
    *Counsel for Plaintiffs*

Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595