**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARMEKA DANIEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 4914 |
| | ) | |
| vs. | ) | Judge St. Eve |
| | ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' ADDITIONAL AUTHORITY REGARDING**
**JOINT AND SEVERAL LIABILITY AND PATTERN INSTRUCTION 7.02**

Plaintiffs object to Seventh Circuit Pattern Jury Instruction 7.02 (Defendants' Proposed Instruction 1) being given in this case. This instruction is inapplicable, confusing, misstates the law, and would mislead the jury.

It is well settled that basic tort law principles of causation and damages apply to §1983 cases, including joint and several liability. For example, in Watts v. Laurent, 774 F. 2d 168 (7th Cir. 1985), this Court explicitly held that joint and several liability applied to §1983 cases, and that an injured party may recover full damages against any number (including just one, some, or all) of the parties responsible:

> Federal common law principles of tort and damages govern recovery under section 1983. It is axiomatic that where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury. In such a case the injured party may proceed to judgment against any or all of the responsible actors in a single or in several different actions.

Id. at 881-82 (citations omitted).

Thus, in theory, if the jury found only against Burg and Muldoon for false arrest, Burg and Muldoon would be liable for *all* of the damages that Plaintiffs suffered. Indeed, Plaintiffs could have sued only Burg, and if the jury found against him, he could be held solely responsible

for *all* of Plaintiffs' injuries, regardless of how many other officers were involved. Id.[1]

In Herzog v. Village of Winnetka, Ill., 309 F.3d 1041, 1044 (7th Cir. 2002), the Seventh Circuit held that:

> When an illegal arrest sets off a chain of indignities inflicted on the hapless victim, including offensive physical touchings that would be privileged if the arrest were lawful, she is entitled to obtain damages for these indignities whether or not they are independent violations of the Constitution. For they are foreseeable consequences of the illegal arrest, and the ordinary rules of tort causation apply to constitutional tort suits.

Id. Courts have consistently and repeatedly held that defendants in a §1983 action are responsible for the foreseeable consequences of their actions, including acts by third parties who are not even defendants. See e.g., Jones v. City of Chicago, 856 F.2d 985, 993 (7th Cir. 1988) ("In constitutional-tort cases as in other cases, a man is responsible for the natural consequences of his actions."); Jackson v. Sauls, 206 F.3d 1156, 1169 (11th Cir. 2000) (holding that defendant police officers in a §1983 case are liable for all reasonably foreseeable consequences of constitutional violation, including firing of weapons by third parties).[2]

In this case, the elements of Plaintiffs' claims are given in the applicable instructions. Of course the Defendants in this case can only be held liable if they personally participated in a constitutional violation. The instructions and the verdict form only allow for liability if there is personal participation by the Defendant.

The problem is that pattern instruction 7.02 states that a defendant "cannot be held liable for what other employees did or did not do." This is unquestionably an incorrect statement of law

---

[1] Of course, under those circumstances, Burg would be allowed to file a third party complaint (pursuant to Fed.R.Civ.P. 7,14) against any other person he felt could also be held liable.

[2] See also, e.g., Memphis Community School District v. Stachura, 477 U.S. 299, 306, 106 S.Ct. 2537, 2542 (1986) ("Accordingly, when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts."); Parrett v. City of Connersville, 737 F.2d 690, 695-96 (7th Cir.1984) ("The tortfeasor must take his victim as he finds him. These are general principles of causation in tort law but they are applicable to constitutional torts litigated under section 1983."); Gauger v. Hendle, 349 F.3d 354, 362 (7th Cir. 2003) (a "successful tort plaintiff is entitled to damages that are a foreseeable consequence of the tort, and we have said that this principle is equally applicable to constitutional torts, including false arrest").

with regard to damages the Plaintiffs suffered. Instructing the jury that they can only hold a Defendant liable for what that specific defendant did, and not for all the damages to Plaintiffs resulting from the illegal seizure, use of force and arrest, would be error, and would invite jury confusion and be prejudicial to Plaintiffs.[3]

In order to avoid prejudice and confusion of the issues, the jury should be instructed on joint and several liability, especially because the identities of the officers involved was a central part of the Defendants' case, and was mentioned during opening statements.

Plaintiffs submit that their proposed instructions 31 and 32, attached hereto, would appropriately address these issues, and respectfully request that these instructions be given in place of Seventh Circuit Instruction 7.02.

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for Plaintiffs*

Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

---

[3]    Moreover, the committee's only authority for the instruction itself are two *Monell* cases. See Committee Comments to pattern civil jury instruction 7.02, citing Walker v. Rowe, 791 F.2d 507, 508 (7th Cir. 1986); Duckworth v. Franzen, 780 F.2d 645, 650 (7th Cir. 1985).