UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARMEKA DANIEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 4914 |
| | ) | |
| vs. | ) | Judge St. Eve |
| | ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO RECONSIDER RULING REGARDING
THE TESTIMONY OF RAPHAEL VARGAS**

Plaintiffs, through counsel, Jackowiak Law Offices, respectfully move this Honorable Court to reconsider its ruling on Plaintiffs' motion *in limine* to bar the testimony of Raphael Vargas. See, e.g., Townsend v. Benya, 287 F.Supp.2d, 868, 872 (N.D.Ill. 2003) (holding that a ruling on a motion *in limine* is not necessarily final, and judges may alter prior "*in limine* rulings, within the bounds of sound judicial discretion.")

Throughout this trial, Defendants have focused their trial strategy on characterizing the neighborhood where the Defendants arrested Plaintiffs as a "high crime area." Over Plaintiffs' objection, every police officer called at trial testified at length about criminal activity at the apartment building at the corner of 64th and Albany. Indeed, during direct examinations, several of the officers testified more about the crime problem in the area than they did about the arrest of Plaintiffs. At this point, the jury has a clear idea that there are problems at this building, and moreover, that the Defendant-Officers are aware of these problems when they encountered Plaintiffs. The Court held that such testimony is relevant to the jury's determination of the reasonableness of the Defendants' actions in stopping and searching the Plaintiffs based on the "totality of the circumstances." It remains Plaintiffs' position that the prejudicial effect of such testimony greatly outweighed its minimal probative value and should have been excluded.

In ruling on Plaintiffs' motion *in limine* to exclude this evidence, the Court held that such evidence could be introduced, but should be limited to "why Defendants Burg and Muldoon were

in the area of 3104 W. 64th Street" and their "personal knowledge of the characteristics of the location." The Defendants stretched the boundaries of that ruling and testified at length about all kinds of crime in and around the area. Obviously, such evidence was highly prejudicial to Plaintiffs and distracted from the real issue: what happened during the arrest of Plaintiffs.

Now, Defendants want to call Raphael Vargas to testify about the problems around his building. This evidence should be excluded. There has already been extensive and voluminous evidence on this topic. The existence of crime in the 8th District was not contested during trial. Plaintiffs did not try to characterize it as a nice area where there was not any crime. Testimony from Vargas would be cumulative of what Defendants have already introduced. Defendants should not be permitted to bolster their position on something that is not in dispute (that there is crime at 64th and Albany) with this highly prejudicial evidence.

Accordingly, Plaintiffs respectfully request that this Honorable Court reconsider its ruling on Plaintiffs' motion *in limine* 2 in light of the evidence already presented at trial and bar Vargas from testifying.

        Respectfully submitted,

        /s/ Adele D. Nicholas
        *Counsel for Plaintiffs*

Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595